**Roberta M. DELSON, Plaintiff–Appellant,**

v.

**Norman MINETA, in his capacity as Secretary of the United States Department of Transportation, Defendant–Appellee.**

**Docket No. 04–4118.**

United States Court of Appeals, Second Circuit.

July 22, 2005.

---

Roy J. Karlin, Shapiro, Beilly, Rosenberg, Aronowitz, Levy & Fox, LLP (Marisa Pardo), New York, New York, for Plaintiff–Appellant, of counsel.

Michael J. Goldberger, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson), New York, New York, for Defendant–Appellee, of counsel.

Present: WESLEY, HALL, Circuit Judges, and SCULLIN, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Delson appeals from a Memorandum, Decision, and Order of the United States District Court for the Eastern District of New York (Seybert, J.), issued after an eight-day bench trial, finding in favor of defendant on all of plaintiff's claims and dismissing the action. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

"[U]nder ... the Rehabilitation Act, a plaintiff can state a claim for discrimination based upon her employer's failure to accommodate her handicap by alleging facts showing (1) that the employer is subject to the statute under which the claim is brought, (2) that she is an individual with a disability within the meaning of the statute in question, (3) that, with or without reasonable accommodation, she could perform the essential functions of the job, and (4) that the employer had notice of the plaintiff's disability and failed to provide such accommodation." *Lyons v. Legal Aid Soc.,* 68 F.3d 1512, 1515 (2d Cir.1995). Substantially for the reasons stated in the district court's opinion, we agree that plaintiff failed to show the defendant denied her a reasonable accommodation. We agree with the district court's assessment that it was plaintiff's refusal to provide the defendant with any specific medical documentation and her refusal to compromise on any of her scheduling demands, that precipitated the failure of the "interactive process" between employer and employee that the ADA envisions. *See generally Jackan v. New York State Dep't of Labor,* 205 F.3d 562, 566 (2d Cir.2000).

1. The Honorable Frederick J. Scullin, Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

We similarly reject plaintiff's claim that the defendant's medical inquiries were unlawful. In seeking to determine the extent and types of accommodation that were truly necessary for plaintiff, the defendant's inquiries were "job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). *See Conroy v. N.Y. State Dep't of Corr. Servs.,* 333 F.3d 88, 97–98 (2d Cir.2003) (explaining that "business necessities may include ensuring that the workplace is safe and secure or cutting down on egregious absenteeism"). We have considered all of plaintiff's remaining arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.